People v Williams (2019 NY Slip Op 03514)





People v Williams


2019 NY Slip Op 03514


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


544 KA 16-01404

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLARENCE WILLIAMS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (John L. DeMarco, J.), entered June 20, 2016. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order classifying him as a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Although defendant was presumptively a level two risk based on the risk assessment instrument prepared by the Board of Examiners of Sex Offenders, County Court granted the People's request to assess points for two additional risk factors, making defendant a presumptive level three risk. The court denied defendant's request for a downward departure. We reject defendant's contention that the court erred in failing to grant a downward departure to a level one risk based on his poor physical health. Although a defendant's current medical condition may under certain circumstances constitute a basis for a downward departure (see generally People v Stevens, 55 AD3d 892, 893-894 [2d Dept 2008]), here defendant failed to demonstrate by a preponderance of the evidence that his alleged medical impairments at the time of the SORA determination would reduce the risk of his own recidivism or the danger he poses to the community (see People v Rocano-Quintuna, 149 AD3d 1114, 1114-1115 [2d Dept 2017], lv denied 29 NY3d 916 [2017]; People v Loughlin, 145 AD3d 1426, 1428 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; see generally People v Gillotti, 23 NY3d 841, 861 [2014]).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court